O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SANDRA K. MANNING,<br><br>           Plaintiff,<br><br>           v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>           Defendant. | Case No. CV 13-04853-DFM<br><br>MEMORANDUM OPINION AND<br>ORDER |

Plaintiff appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that the administrative law judge ("ALJ") erred in determining that Plaintiff was capable of performing her past relevant work as an assembler. Therefore, the Court reverses the ALJ's decision and remands to the ALJ for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for social security disability insurance ("SSDI") benefits, alleging disability beginning May 25, 2005. Administrative Record ("AR") 15. Following a hearing at which a medical expert ("ME")

testified, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with numerous limitations, including a limitation to occasional balancing, stooping, kneeling, and crouching. AR 19. The ALJ then concluded, without the benefit of testimony from a vocational expert ("VE"), that Plaintiff was capable of performing her past relevant work as an assembler, as that work is generally performed. AR 29.

## II.

## ISSUES PRESENTED

Plaintiff's arguments for reversing the ALJ's decision are not completely coherent, and do not neatly correspond to the two Disputed Issues identified in the parties' Joint Stipulation ("JS"). As best the Court can discern, Plaintiff offers two basic contentions: (1) in the first portion of Disputed Issue 1 and throughout Disputed Issue 2, Plaintiff argues that, given the ALJ's RFC assessment, the ALJ improperly determined that Plaintiff was capable of performing her prior work as an assembler, see JS at 5-7, 23-30, 33; and (2) in the latter portion of Disputed Issue 1, Plaintiff contends that the ALJ was required to include a restriction to simple one or two step tasks in his RFC assessment, see JS at 7-11, 24-25.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th

2

1    Cir. 2007). It is more than a scintilla, but less than a preponderance.

2    Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d

3    880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports

4    a finding, the reviewing court "must review the administrative record as a

5    whole, weighing both the evidence that supports and the evidence that detracts

6    from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720

7    (9th Cir. 1996). If the evidence can reasonably support either affirming or

8    reversing, the Court may not substitute its judgment for that of the ALJ.

9    Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.

## DISCUSSION

12       Plaintiff contends that the ALJ erred at step four of the sequential

13   disability evaluation process when he determined that Plaintiff retained the

14   residual capacity to perform her prior work as an assembler, as that work is

15   generally performed. See JS at 5-7, 23-30, 33. Plaintiff's argument is based on

16   her contention that the stooping, overhead reaching, reasoning, and positional

17   limitations contained in the ALJ's RFC assessment conflict with the

18   description of the assembler job that is contained in the Dictionary of

19   Occupational Titles ("DOT"). Id. Because the Court finds that the decision of

20   the ALJ must be reversed on the basis of the stooping limitation, the Court

21   need not address Plaintiff's remaining contentions.[1]

22       The DOT is the "primary source of reliable job information" in deciding

23   social security claims. Johnson v. Shalala, 60 F.3d 1428, 1434 n.1 (9th Cir.

24   1995). An ALJ may rely on the DOT rather than expert testimony in making

25   certain determinations, including whether a claimant retains the residual

---

[1] The Court's review of the record suggests that Plaintiff's remaining arguments are without merit.

3

functional capacity necessary to perform a job as it is generally performed. SSR 82-61, 1982 WL 31387, at *2.

Here, the conflict between Plaintiff's RFC and the DOT's description of the assembler job is readily apparent to the Court. The ALJ found that Plaintiff was limited to occasional stooping. AR 19. The DOT's description of the assembler job, by contrast, indicates that it requires frequent stooping. DOT 780.684-062, 1991 WL 680789.[2]

The Commissioner contends that, because Plaintiff bore the burden of proof at step four of the sequential analysis, the ALJ was entitled to determine that she was capable of performing the assembler job, as generally performed, notwithstanding the DOT conflict. It is true that the claimant bears the burden at step four of the sequential analysis; likewise, it is true that an ALJ may make findings at this step without the benefit of VE testimony. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (noting that where claimant's own testimony demonstrated that the relevant RFC limitation would not preclude him from his past work, a "vocational expert's testimony was . . . useful, but not required"). Nonetheless, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). "In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain . . . [a] finding of fact as to the physical and mental demands of the past job/occupation [and a] finding of fact that the individual's RFC would permit a return to his or her

_____

[2] The specific DOT entry chosen by the ALJ is the entry for "fabricator, foam rubber," for which "assembler" is an alternative title. See DOT 780.684-062, 1991 WL 680789. It is not clear why the ALJ chose this entry, which does not appear to resemble Plaintiff's prior work. Nonetheless, because the parties have not objected to the ALJ's use of this DOT entry and have affirmatively crafted their arguments on the basis of its text, the Court will presume that the parties have stipulated to its appropriateness.

past job or occupation." SSR 82–62, 1982 WL 31386, at *4.

Here, the ALJ specifically found that Plaintiff could perform the assembler job as generally performed. See AR 29. Indeed, as the Commissioner concedes, it would appear that Plaintiff is precluded from her work as actually performed due to the RFC's limitation to occasional overhead reaching. Compare AR 19 with AR 155; see JS at 32-33. However, the ALJ made no findings as to the requirements of the assembler job as generally performed, nor did he provide an explanation for how Plaintiff's RFC would permit her to perform that job. Moreover, because the DOT's description of the assembler job is inconsistent with Plaintiff's RFC, the DOT cannot form the basis for the ALJ's finding. Because, therefore, the ALJ provided no factual basis for his finding at step four, it lacked substantial evidence. Moreover, because the ALJ cited no other basis for determining that Plaintiff was not disabled, the ALJ's error was not harmless. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054-56 (9th Cir. 2006).

Plaintiff rightly notes that established Ninth Circuit law requires an explanation when the VE's testimony conflicts with the DOT and the ALJ relies on that testimony in support of his findings. JS at 7; see Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th Cir. 2007); see generally SSR 00-4p, 2000 WL 1898704. The Commissioner, in turn, argues that the requirement to explain deviations from the DOT is limited to circumstances where a VE has testified. JS at 13. While it is true that this line of authority has developed in the context of VE testimony, it strains credulity to suggest that the requirement to explain conflicts can be avoided by failing to call a VE where, as here, the ALJ cites no other support for his finding. Similarly, the Commissioner's contention that "[a]n ALJ may take administrative notice of any reliable job information," id., is inapposite because the ALJ here referenced no such information. Where, as here, an ALJ provides no explanation for his finding

5

that a claimant can perform her prior work as generally performed, and that finding is unsupported by the DOT, this Court must reverse and remand.

## V.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: May 15, 2014

**DOUGLAS F. McCORMICK**

DOUGLAS F. McCORMICK
United States Magistrate Judge